UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLFIN AH-CALIFORNIA 7, LLC, | No. 2:14-cv-2043-GEB-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CANDY F. VILLANUEVA, CRISOSTOMO P. VILLANUEVA, | |
| Defendants. | |

On September 4, 2014, defendants, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Solano County. ECF No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendants have failed to meet that burden.

1

The notice of removal states that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF. No. 1 at 3. Defendants claim that plaintiff is a debt collector as that term is defined under the Fair Debt Collection Practices Act, and that this case "includes possible discrimination under the [sic] Title III of the Civil Rights Act of 1968." *Id.* However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. ECF No. 1-1 at 5-10 (Compl.). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendants' claims or defenses may not serve as a basis for removal.[1] *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Defendants also claim that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1 at 3. Defendants contend that diversity of citizenship is present because plaintiff and defendants are citizens of different states and the property at issue is worth more than $75,000. *Id.* Even assuming complete diversity is present, defendants have not shown that the amount in controversy exceeds $75,000. The amount in controversy is determined from the

---

[1] Nor has defendant established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000, nor does it appear that removal by defendants would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

1  complaint itself, unless it appears to a legal certainty that the claim is worth a different amount
2  than that pled by plaintiff. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961);
3  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). The complaint alleges
4  that that the amount in controversy does not exceed $25,000. ECF No. 1-1 at 9. Furthermore, the
5  value of the property at issue does not determine the amount in controversy. *See also Fed. Home*
6  *Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The
7  appropriate dollar amount in determining the amount of controversy in unlawful detainer actions
8  is the rental value of the property, not the value of the property as a whole."); *Fed. Home Loan*
9  *Mortg. Corp. v. Pulido*, 2012 WL 540554 (N.D. Cal. Feb. 17, 2012) ("In unlawful detainer
10 actions, the right to possession is contested, not title to the property, and plaintiffs may collect
11 only damages that are incident to that unlawful possession."). Consequently, because defendants
12 have failed to demonstrate to a legal certainty that the amount in controversy requirement is met,
13 the court lacks diversity jurisdiction over the action.

14    Therefore, because defendants have not adequately established a basis for this court's
15 subject matter jurisdiction, the case must be remanded. *See* 28 U.S.C. § 1447(c).

16    Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be
17 REMANDED to the Superior Court of the State of California in and for the County of Solano.

18    These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
20 after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties. Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
23 shall be served and filed within fourteen days after service of the objections. Failure to file
24 objections within the specified time may waive the right to appeal the District Court's order.
25 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
26 Cir. 1991).

27 DATED: September 4, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE