1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    COLFIN AH-CALIFORNIA 7, LLC,              No.  2:14-cv-2043-GEB-EFB PS

12                 Plaintiff,

13          v.                                  AMENDED FINDINGS AND
                                                RECOMMENDATIONS
14    CANDY F. VILLANUEVA,
      CRISOSTOMO P. VILLANUEVA,
15
                 Defendants.
16

17

18          On September 4, 2014, defendants, proceeding pro se, filed a notice of removal of this

19    unlawful detainer action from the Superior Court of the State of California for Solano County.

20    ECF No. 1.  This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and

21    Eastern District of California Local Rule 302(c)(21).

22          This court has an independent duty to ascertain its jurisdiction and may remand sua sponte

23    for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "The burden of establishing

24    federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed

25    against removal jurisdiction."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.

26    1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

27    first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As explained below,

28    defendants have failed to meet that burden.

                                               1

The notice of removal states that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  ECF. No. 1 at 3.  Defendants claim that plaintiff is a debt collector as that term is defined under the Fair Debt Collection Practices Act, and that this case "includes possible discrimination under the [sic] Title III of the Civil Rights Act of 1968."  *Id.*  However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.  ECF No. 1-1 at 5-10 (Compl.).  The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Here, plaintiff's one cause of action is for unlawful detainer under state law, and under the well-pleaded complaint rule, a defendants' claims or defenses may not serve as a basis for removal.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Defendants also claim that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  ECF No. 1 at 3.  Defendants contend that diversity of citizenship is present because plaintiff and defendants are citizens of different states and the property at issue is worth more than $75,000.  *Id.*  Even assuming complete diversity is present, defendants have not shown that the amount in controversy exceeds $75,000.  The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled by plaintiff.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007).  The complaint alleges that that the amount in controversy does not exceed $25,000.  ECF No. 1-1 at 9.  Furthermore, the value of the property at issue does not determine the amount in controversy.  *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The

2

1  appropriate dollar amount in determining the amount of controversy in unlawful detainer actions

2  is the rental value of the property, not the value of the property as a whole."); *Fed. Home Loan*

3  *Mortg. Corp. v. Pulido*, 2012 WL 540554 (N.D. Cal. Feb. 17, 2012) ("In unlawful detainer

4  actions, the right to possession is contested, not title to the property, and plaintiffs may collect

5  only damages that are incident to that unlawful possession.").  Consequently, because defendants

6  have failed to demonstrate to a legal certainty that the amount in controversy requirement is met,

7  the court lacks diversity jurisdiction over the action.

8       Therefore, because defendants have not adequately established a basis for this court's

9  subject matter jurisdiction, the case must be remanded.  *See* 28 U.S.C. § 1447(c).

10      Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be

11  REMANDED to the Superior Court of the State of California in and for the County of Solano.

12      These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17  shall be served and filed within fourteen days after service of the objections.  Failure to file

18  objections within the specified time may waive the right to appeal the District Court's order.

19  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

20  Cir. 1991).

21  DATED:  September 8, 2014.

22                    EDMUND F. BRENNAN

23                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                              3